CLOTILDE SANTOS, peticionario, *v.* HON. DOMINGO SEPÚLVEDA, JUEZ DE DISTRITO, PONCE, P. R., demandado.

No. 286.—*Sometido:* Octubre 20, 1933. *Resuelto:* Octubre 26, 1933.

*Agustín E. Font*, abogado del peticionario; *R. Pérez Marchand, Fiscal del Distrito de Ponce,* por el demandado; *R. A. Gómez, Fiscal del Supremo,* como *amicus curiae.*

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Está envuelta en este caso la interpretación de la Ley No. 51 de 1933 (pág. 315) en el sentido de si el Municipio de Santa Isabel fué simplemente segregado por ella del distrito judicial municipal de Salinas, anexado al distrito judicial municipal de Juana Díaz e incorporado al distrito judicial de Ponce a los solos efectos de las apelaciones procedentes de la Corte Municipal de Juana Díaz, o si dicho Municipio de Santa Isabel quedó además separado por completo del distrito judicial de Guayama e incorporado al distrito judicial de Ponce. El peticionario sostiene la incorporación absoluta; la Corte de Distrito de Ponce, la limitada.

La Ley No. 51 copiada íntegramente es como sigue:

"LEY para separar el municipio de Santa Isabel del Distrito Judicial Municipal de Salinas, para anexar el mismo al Distrito Judicial Municipal de Juana Díaz, y a la Corte de Distrito del Distrito Judicial de Ponce, y para otros fines.

"*Decrétase por la Asamblea Legislativa de Puerto Rico:*

"Artículo 1.—El municipio de Santa Isabel por la presente es separado del distrito judicial municipal de Salinas, y en lo sucesivo formará parte del distrito judicial municipal de Juana Díaz, el que en adelante se compondrá de los municipios de Juana Díaz, Santa Isabel y Villalba.

"Artículo 2.—La corte municipal para el distrito judicial municipal de Juana Díaz, tendrá la misma jurisdicción y poderes que la de Salinas sobre los casos que se presenten dentro de los límites del municipio de Santa Isabel, incluyendo aquellos pendientes en la actualidad ante la corte municipal de Salinas, los cuales serán traspasados a la corte municipal de Juana Díaz, mediante moción de cualquiera de las partes interesadas.

"Artículo 3.—Los casos en apelación de la Corte Municipal de Juana Díaz, procedentes de Santa Isabel serán recibidos, vistos y

resueltos por la Corte de Distrito del Distrito Judicial de Ponce, y los casos pendientes de vista en apelación a la fecha de la vigencia de esta Ley serán trasladados a la Corte de Distrito del Distrito Judicial de Ponce.

"Artículo 4.—Toda ley o parte de ley que se oponga a la presente queda por ésta derogada.

"Artículo 5.—Esta Ley empezará a regir a los noventa días después de su aprobación.

"Aprobada en mayo 11 de 1933."

A juzgar por su título, puede concluirse que la ley decretó la incorporación completa del Municipio de Santa Isabel al Distrito Judicial de Ponce. Son sus disposiciones las que parecen circunscribir la incorporación al conocimiento de las apelaciones de las sentencias dictadas por la Corte Municipal de Juana Díaz en casos procedentes de Santa Isabel.

Para la debida resolución del problema, examinaremos la organización judicial de Puerto Rico a partir de la Orden General No. 118 de 1899 creadora de las cortes de distrito. Dicha Orden se dictó por el Brigadier General Davis a virtud de recomendación de la Junta Judicial y por ella quedó la Isla dividida en cinco distritos judiciales con expresión de las municipalidades que componían cada distrito, fijándose sus capitales en San Juan, Ponce, Mayagüez, Arecibo y Humacao.

En cada distrito se creó una corte de distrito compuesta de tres jueces con jurisdicción general civil y criminal, y en cada municipio una corte municipal compuesta también de tres jueces con jurisdicción limitada civil y criminal. Los cinco distritos judiciales se componían, pues, de municipios y de cortes municipales de cuyas sentencias se apelaba para ante la corte de distrio de su distrito judicial.

Al estatuir el Congreso de los Estados Unidos el gobierno civil de Puerto Rico por ley de abril 12, 1900, dispuso que el poder judicial puertorriqueño residiría en las cortes y tribunales establecidos ya y en ejercicio, incluyendo los juzgados municipales creados por la dicha Orden General No. 118 de 1899, y así continuó impartiéndose justicia en esta Isla

hasta que su Legislatura reorganizó el sistema por ley de marzo 10, 1904 (Leyes de 1904, p. 93).

"Por la presente el territorio de Puerto Rico," dice la sección primera de dicha ley, "queda dividido en siete distritos judiciales, a saber: el distrito de San Juan con su capital en la ciudad de San Juan; el distrito de Arecibo con su capital en la ciudad de Arecibo; el distrito de Mayagüez con su capital en la ciudad de Mayagüez; el distrito de Ponce con su capital en la ciudad de Ponce; el distrito de Humacao con su capital en la ciudad de Humacao; el distrito de Guayama con su capital en la ciudad de Guayama y el distrito de Aguadilla con su capital en la ciudad de Aguadilla; *Disponiéndose,* que dichos distritos judiciales comprenderán en lo sucesivo los siguientes términos municipales:" Los especifica y al referirse a Guayama dice: "El distrito de Guayama comprenderá la ciudad de su nombre y los municipios de Santa Isabel, Patillas, Cayey y Aibonito."

Continúa la ley refiriéndose a los cargos de jueces de distrito, jueces de paz, jueces municipales, y en su sección octava prescribe: "Habrá un juez municipal para cada distrito judicial municipal . . . y dichos distritos municipales serán constituídos como sigue: . . . Distrito Judicial de Aguadilla. Distrito No. 8: Aguadilla e Isabela, capital en Aguadilla. Distrito No. 9: Las Marías y Lares, capital en Lares. Distrito No. 10: Añasco, Aguada y San Sebastián, capital en Añasco. Distrito Judicial de Mayagüez. Distrito No. 11: Mayagüez y Maricao, capital en Mayagüez. Distrito No. 12: San Germán y Sabana Grande, capital en San Germán. Distrito No. 13: Cabo Rojo y Lajas, capital en Cabo Rojo. Distrito Judicial de Ponce. Distrito No. 14: Ponce y Adjuntas, capital en Ponce. Distrito No. 15: Yauco. Distrito No. 16: Juana Díaz y Coamo, capital en Coamo. Distrito No. 17: Barros. Distrito Judicial de Guayama. Distrito No. 18: Guayama, Santa Isabel y Patillas, capital en Guayama. Distrito No. 19: Cayey y Aibonito, capital en Cayey."

Al año siguiente la Legislatura decretó una ley para incluir a ciertos municipios reconstituídos, en los distritos judiciales de Puerto Rico (Leyes de 1905, p. 179) enmendando al efecto las secciones 1 y 8 de su ley sobre reorganización judicial de 1904. Por lo que respecta a Aguadilla, Mayagüez, Ponce y Guayama, la sección 8 tal como quedó enmendada, dispuso:

"Sección 8. Habrá un Juez Municipal para cada Distrito Judicial Municipal; . . . y dichos Distritos Municipales serán constituídos como sigue: . . . Distrito Judicial de Aguadilla. Distrito No. 8: Aguadilla, Aguada, Rincón, Moca e Isabela, capital en Aguadilla. Distrito No. 9: Las Marías y Lares, capital en Lares. Distrito No. 10: Añasco y San Sebastián, capital en Añasco. Distrito Judicial de Mayagüez. Distrito No. 11: Mayagüez y Maricao, capital en Mayagüez. Distrito No. 12: San Germán y Sabana Grande, capital en San Germán. Distrito No. 13: Cabo Rojo y Lajas, capital en Cabo Rojo. Distrito Judicial de Ponce. Distrito No. 14: Ponce, Guayanilla, Peñuelas y Adjuntas, capital en Ponce. Distrito No. 15: Yauco. Distrito No. 16: Juana Díaz y Coamo, capital en Coamo. Distrito No. 17: Barros. Distrito Judicial de Guayama. Distrito No. 18: Guayama, Santa Isabel, Patillas, Salinas y Arroyo, capital en Guayama. Distrito No. 19: Cayey, Barranquitas, Cidra y Aibonito, capital en Cayey."

En 1908 volvió la Legislatura a enmendar la sección 8 de su ley para reorganizar el sistema judicial en Puerto Rico extendiendo los distritos judiciales municipales de 24 a 28, y en cuanto se refiere a los distritos judiciales de Aguadilla, Mayagüez, Ponce y Guayama la sección enmendada quedó redactada así:

"Sección 8. Habrá un Juez Municipal para cada Distrito Judicial Municipal, . . . Y dichos Distritos Municipales serán constituídos como sigue:

\*       \*       \*       \*       \*       \*       \*

"Distrito Judicial de Aguadilla. Distrito No. 8. Aguadilla, Aguada, Moca e Isabela; capital en Aguadilla. Distrito No. 9. Las Marías y Lares; capital en Lares. Distrito No. 10. San Sebastián; capital en San Sebastián. Distrito No. 11. Añasco y Rincón; capital en Añasco.

"Distrito Judicial de Mayagüez. Distrito No. 12. Mayagüez y Maricao; capital en Mayagüez. Distrito No. 13. San Germán, Sabana Grande y Lajas; capital en San Germán. Distrito No. 14. Cabo Rojo; capital en Cabo Rojo.

"Distrito judicial de Ponce. Distrito No. 15. Ponce, Guayanilla y Peñuelas; capital en Ponce. Distrito No. 16. Yauco. Distrito No. 17. Coamo y Juana Díaz; capital en Coamo. Distrito No. 18. Barros. Distrito No. 19. Adjuntas.

"Distrito Judicial de Guayama. Distrito No. 20. Guayama, Patillas y Arroyo; capital en Guayama. Distrito No. 21. Santa Isabel y Salinas; capital en Santa Isabel. Distrito No. 22. Cayey, Barranquitas, Cidra y Aibonito; capital en Cayey."

La Isla fué, pues, dividida desde 1904 en distritos judiciales compuestos de varios municipios con una corte de distrito en cada uno, y en distritos judiciales municipales compuestos de uno o varios municipios con una corte municipal en cada uno, y con la sola excepción del caso de Añasco y Rincón, cada distrito judicial comprende íntegros varios distritos judiciales municipales. Y se deduce que comprenderlos íntegramente fué el propósito del legislador no sólo por el resultado de su propia actuación, si que por la forma en que redactó la sección octava de la ley, forma que conservó en las enmiendas de 1905 y 1908. No se limitó a dividir la Isla en distritos judiciales municipales numerándolos, sino que hizo la división citando primero el distrito judicial y luego los distritos judiciales municipales en él comprendidos.

Desde el 1908 al 1933 se pasaron varias leyes creando nuevas cortes municipales, entre ellas la de Juana Díaz en 1911 (Leyes de 1911, p. 196), reorganizando las de distrito de San Juan y Ponce y creando el nuevo distrito judicial de Bayamón con su corte de distrito, y siempre quedaron los distritos judiciales municipales comprendidos íntegramente en los distritos judiciales.

Una de las consideraciones que lleva al juez de distrito de Ponce a concluir que Santa Isabel se ha incorporado solamente a Ponce en cuanto a las apelaciones, es el precedente de Añasco y Rincón. De ahí que al referirnos a las leyes de

1904, 1905 y 1908 hayamos transcrito lo referente no sólo a los distritos judiciales de Guayama y Ponce si que también a los distritos judiciales de Aguadilla y Mayagüez.

Después de una cuidadosa consideración creemos que el caso de Rincón y Añasco se distingue del presente.

Al reorganizarse los tribunales en 1904 se asignó al distrito judicial de Aguadilla el Municipio de Añasco al que se había anexado el Municipio de Rincón por ley de primero de marzo de 1902 (Estatutos Revisados y Códigos de Puerto Rico de 1902, p. 207). En el año de 1905 fué derogada la ley de marzo primero, 1902, (Leyes de 1905, p. 197), y Rincón quedó de nuevo constituído en municipio independiente. Como hemos visto, se le asignó al distrito judicial municipal de Aguadilla quedando así formando parte del distrito judicial de Aguadilla. En ese mismo año de 1905 al enmendarse la sección primera de la ley sobre reorganización judicial de 1904 (Leyes de 1905, pág. 180) Rincón quedó formando parte del distrito judicial de Aguadilla y Añasco se llevó al de Mayagüez.

Como también hemos visto, en 1908, al enmendarse la sección 8 de la ley para reorganizar el sistema judicial de 1904 (Leyes de 1908, p. 121), se formó el distrito judicial municipal No. 11 con los municipios de Añasco y Rincón, con capital en Añasco. Como la sección primera de la dicha ley sobre reorganización judicial de 1904 no fué enmendada, de acuerdo con ella quedó formando parte Añasco del distrito judicial de Mayagüez y Rincón del de Aguadilla, y la interpretación que desde entonces se ha dado ha sido la de que no obstante formar Añasco y Rincón un solo distrito judicial municipal, Añasco para todos los fines judiciales pertenece al distrito judicial de Mayagüez y Rincón para todos los fines judiciales pertenece al distrito judicial de Aguadilla, y así de todos los casos por delitos graves (*felonies*) cometidos en la municipalidad de Añasco conoce la Corte de Distrito de Mayagüez y de todos los casos por delitos graves (*felonies*) cometidos en Rincón conoce la Corte de Distrito de Aguadilla,

conociendo la Corte de Distrito de Mayagüez de todas las apelaciones de las sentencias de la Corte Municipal de Añasco en casos de delitos menos graves cometidos en la municipalidad de Añasco, y la Corte de Distrito de Aguadilla de todas las apelaciones de la Corte Municipal de Añasco interpuestas contra sus sentencias dictadas en casos por delitos menos graves cometidos en la municipalidad de Rincón, aplicándose igual regla en lo civil.

Aunque no puede negarse que hay algo anómalo en la situación, la regla es clara y todo lo del Municipio de Añasco que corresponde a una corte de distrito va a Mayagüez y todo lo del Municipio de Rincón que corresponde a una corte de distrito va a Aguadilla.

En el caso de Santa Isabel la confusión sería extraordinaria porque sobre los asuntos judiciales del propio municipio tendrían jurisdicción dos cortes de distrito diferentes, y esto nos lleva a interpretar la ley de acuerdo con lo que consideramos que fué el verdadero propósito de la legislatura, a saber, separar por completo el Municipio de Santa Isabel del distrito judicial de Guayama incorporándolo no sólo al distrito judicial municipal de Juana Díaz si que a virtud de tal incorporación llevándolo a formar parte integrante del distrito judicial de Ponce.

Habiendo llegado a esa conclusión, es claro que debe figurar entre los comisionados de jurados del distrito judicial de Ponce un comisionado que proceda de y represente al Municipio de Santa Isabel.

*La ley es terminante en este respecto y en su consecuencia debe expedirse el auto de "mandamus" que se solicita a fin de que se le dé el debido cumplimiento.*