ARTURO RAMOS, peticionario, *v.* CORTE DE DISTRITO DE HUMACAO, HON. BENJAMÍN ORTIZ, JUEZ, demandada.

Núm. 363.—*Sometido:* Octubre 14, 1941. *Resuelto:* Octubre 15, 1941.

*P. Pérez Pimentel,* abogado del peticionario; *Benjamín Ortiz, pro se,* representado además por el *Hon. Procurador General George A. Malcolm y Luis Negrón Fernández, Fiscal Auxiliar del Tribunal Supremo; Ercilio Alvarado, Fiscal del Distrito de Humacao,* como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El día 25 de septiembre de 1941 la Corte de Distrito de Humacao dictó una orden que dice así:

"En vista de la ley núm. 155, aprobada el 13 de mayo de 1941, mediante la cual el término municipal de Cidra forma parte del distrito judicial municipal de Caguas, y forma, por tanto, parte del distrito judicial de Humacao, bajo el caso de *Santos* v. *Sepúlveda,* 45 D.P.R. 658; en vista de que en los casos *felonies* que se celebran ante esta corte deben actuar jurados del término municipal de Cidra, P. R., en cuya designación haya intervenido un comisionado de jurados de dicha municipalidad; en vista de que el jurado de 300 personas designado en el mes de abril de este año no incluye jurados del término municipal de Cidra, no habiendo intervenido ningún

comisionado de jurados de ese término municipal, esta corte disuelve el grupo o lista de los 300 jurados designados en abril de este año y declara vacantes los cargos de comisionados de jurados que fueron seleccionados en dicho mes de abril de 1941, y esta corte ordena, además, que se designen nuevos comisionados de jurados de todos y cada uno de los municipios que forman parte de este distrito judicial, incluyendo el término municipal de Cidra, para que preparen una nueva lista o grupo de 300 jurados que actúen desde la fecha de su designación en este mes de septiembre, hasta el día primero de abril de 1942, a ser designados de acuerdo con la proporción correspondiente al incluirse en las listas los jurados del término municipal de Cidra y el comisionado de dicho término municipal. Humacao, P. R., 25 de septiembre de 1941. (Fdo.) B. Ortiz, Juez de Distrito.''

El mismo día dicha corte dictó otra orden nombrando los mismos Comisionados de Jurados, agregando uno por el Municipio de Cidra, y los citó para que comparecieran el día 27 de septiembre para formar la lista de 300 personas que constituirían los jurados regulares de dicha corte.

Arturo Ramos, acusado ante la corte inferior de un delito de mutilación, señalado para verse el 31 de octubre de 1941, presentó una moción solicitando se anularan las órdenes antes mencionadas. alegando que el Municipio de Cidra no pertenece al Distrito Judicial de Humacao y sí al de Guayama y que, por lo tanto, en el juicio de su caso no deben intervenir jurados seleccionados de un pueblo que no está comprendido en el Distrito Judicial de Humacao.

Al declarar la corte inferior sin lugar su moción, Arturo Ramos radicó una petición de *mandamus* ante el juez de turno de este Tribunal Supremo, Sr. Todd, Jr., pero habiéndose convenido por las partes solicitar una sesión especial de esta corte, la que fué, en efecto, convocada por el Gobernador de Puerto Rico, el auto fué expedido y el caso visto ante el tribunal en pleno, con asistencia del peticionario, del juez recurrido, del fiscal de esta corte, y del fiscal de la corte inferior como *amicus curiae*.

La única cuestión envuelta en este caso es si, de acuerdo con lo resuelto por este tribunal en el caso de *San-*

*tos* v. *Sepúlveda,* 45 D.P.R. 658, debemos interpretar la ley 155 aprobada el 13 de mayo de 1941 en el sentido de que fué la intención de la Asamblea Legislativa de Puerto Rico segregar el término municipal de Cidra del Distrito Judicial de Guayama y agregarlo al Distrito Judicial de Humacao, o sea, en la misma forma en que interpretamos la ley 51 aprobada el 11 de mayo de 1933 en el sentido de que fué la intención de la Asamblea Legislativa segregar el Municipio de Santa Isabel del Distrito Judicial de Guayama y agregarlo al Distrito Judicial de Ponce.

Veamos en qué se diferencian, si en algo, estas dos leyes.

El título de la ley 155 aprobada el 13 de mayo de 1941, lee así:

"Para crear una segunda sección de la Corte Municipal de Caguas, Puerto Rico; determinar su jurisdicción; determinar sus funcionarios y empleados y proveer para el pago de los sueldos de los mismos y de los gastos de la instalación de la misma; para segregar el término municipal de Cidra, del Distrito Judicial Municipal de Cayey y agregarlo al Distrito Judicial Municipal de Caguas, y para otros fines."

Los primeros seis artículos de los catorce de que consta la ley, contienen disposiciones creando la Corte Municipal de Caguas, Sección Segunda, estableciendo su jurisdicción, reglamentación interna, etc. Los artículos 10 al 14 contienen disposiciones generales de índole administrativa. Son los artículos 7, 8 y 9 los pertinentes al caso que resolvemos y los copiamos íntegramente:

"Artículo 7.—Por la presente se segrega el término municipal de Cidra del Distrito Judicial Municipal de Cayey, y dicho término municipal de Cidra formará parte en lo sucesivo del Distrito Judicial Municipal de Caguas; y la Sección Segunda de la Corte Municipal de Caguas tendrá la misma jurisdicción y poderes que tiene la Corte Municipal de Cayey ahora, en todos los casos civiles y criminales que se presenten dentro de los límites del Municipio de Cidra.

"Artículo 8.—Todos los casos procedentes del término municipal de Cidra que estén pendientes en la Corte Municipal de Cayey al entrar en vigor esta Ley, deberán ser resueltos por la Corte Municipal

de Cayey si hubieren entrado en período de prueba o estuvieren pendientes de sentencia, y en cualquier otro caso serán trasladados a la Sección Segunda de la Corte Municipal de Caguas a moción de parte o por iniciativa de la propia Corte Municipal de Cayey sin necesidad de que lo solicite alguna de las partes.

"Artículo 9.—Las apelaciones de la Sección Segunda de la Corte Municipal de Caguas en casos procedentes del término municipal de Cidra, tanto civiles como criminales, se establecerán para ante y se tramitarán en la misma corte de distrito en que se tramitan las demás apelaciones de la Corte Municipal de Caguas, y las de la Corte de Paz de Cidra se establecerán para ante y se tramitarán en la misma corte de distrito en que se tramitan las apelaciones de la Corte Municipal de Caguas."

La ley 51 aprobada en mayo 11, 1933, sólo consta de cinco artículos y la copiamos íntegramente a continuación:

"Núm. 51. Ley para separar el Municipio de Santa Isabel del Distrito Judicial Municipal de Salinas, para anexar el mismo al Distrito Judicial Municipal de Juana Díaz, y a la Corte de Distrito del Distrito Judicial de Ponce, y para otros fines.

"*Decrétase por la Asamblea Legislativa de Puerto Rico:*

"Artículo 1.—El municipio de Santa Isabel por la presente es separado del distrito judicial municipal de Salinas y en lo sucesivo formará parte del distrito judicial municipal de Juana Díaz, el que en adelante se compondrá de los municipios de Juana Díaz, Santa Isabel y Villalba.

"Artículo 2.—La corte municipal para el distrito judicial municipal de Juana Díaz, tendrá la misma jurisdicción y poderes que la de Salinas sobre los casos que se presenten dentro de los límites del municipio de Santa Isabel, incluyendo aquellos pendientes en la actualidad ante la corte municipal de Salinas, los cuales serán traspasados a la corte municipal de Juana Díaz, mediante moción de cualquiera de las partes interesadas.

"Artículo 3.—Los casos en apelación de la Corte Municipal de Juana Díaz, procedentes de Santa Isabel serán recibidos, vistos y resueltos por la Corte de Distrito del Distrito Judicial de Ponce, y los casos pendientes de vista en apelación a la fecha de la vigencia de esta Ley serán trasladados a la Corte de Distrito del Distrito Judicial de Ponce.

"Artículo 4.—Toda ley o parte de ley que se oponga a la presente, queda por ésta derogada.

"Artículo 5.—Esta Ley empezará a regir a los noventa días después de su aprobación.

"Aprobada en mayo 11 de 1933."

Como puede verse, la única diferencia entre una y otra ley consiste en que en el título de la núm. 51, aprobada en mayo 11 de 1933, se hizo constar que el municipio de Santa Isabel quedaba anexado al Distrito Judicial Municipal de Juana Díaz y a la Corte de Distrito de Ponce (aún cuando en el texto de la ley nada se dijo en cuanto a esta última anexión), y en la núm. 155, aprobada el 13 de mayo de 1941 nada se dice, ni en el título ni en el texto de la ley, de que el municipio de Cidra quedaba anexado al Distrito Judicial de Humacao, aunque sí al Distrito Judicial Municipal de Caguas.

No obstante esta única diferencia, si se examina con detenimiento la opinión de este tribunal en el caso de *Santos* v. *Sepúlveda,* supra, se verá que el *ratio decidendi* no se hizo depender del título de la ley núm. 51, supra, y sí del estudio que se hizo de toda la legislación vigente en relación con la Ley para Reorganizar el Sistema Judicial de Puerto Rico, aprobada en marzo 10 de 1904, para llegar a las conclusiones siguientes:

"La Isla fué, pues, dividida desde 1904 en distritos judiciales compuestos de varios municipios con una corte de distrito en cada uno, y en distritos judiciales municipales compuestos de uno o varios municipios con una corte municipal en cada uno, y con la sola excepción del caso de Añasco y Rincón, *cada distrito judicial comprende íntegros varios distritos judiciales municipales. Y se deduce que comprenderlos íntegramente fué el propósito del legislador* no sólo por el resultado de su propia actuación, si que por la forma en que redactó la sección octava de la ley, forma que conservó en las enmiendas de 1905 y 1908. No se limitó a dividir la Isla en distritos judiciales municipales numerándolos, sino que hizo la división citando primero el distrito judicial y luego los distritos judiciales municipales en él comprendidos.

"Desde el 1908 al 1933 se pasaron varias leyes creando nuevas cortes municipales, entre ellas la de Juana Díaz en 1911 (Leyes de

1911, pág. 196), reorganizando las de distrito de San Juan y Ponce y creando el nuevo distrito judicial de Bayamón con su corte de distrito, *y siempre quedaron los distritos judiciales municipales comprendidos íntegramente en los distritos judiciales.*

" .

"En el caso de Santa Isabel la confusión sería extraordinaria porque sobre los asuntos judiciales del propio municipio tendrían jurisdicción dos cortes de distrito diferentes, y esto nos lleva a interpretar la ley de acuerdo con lo que consideramos que fué el verdadero propósito de la legislatura, a saber, separar por completo el Municipio de Santa Isabel del distrito judicial de Guayama incorporándolo no sólo al distrito judicial municipal de Juana Díaz si que a virtud de tal incorporación llevándolo a formar parte integrante del distrito judicial de Ponce." (Bastardillas nuestras.)

Siguiendo la pauta trazada en el caso de *Santos* la ley núm. 155 de 1941, supra, debe interpretarse en armonía con las demás leyes organizando la judicatura en Puerto Rico. Se sostuvo en el caso de *Santos* que "cada distrito judicial comprende íntegros varios distritos judiciales municipales," y "que comprenderlos íntegramente fué el propósito del legislador." La ley núm. 155 de mayo 13 de 1941 en sus términos es idéntica, en lo pertiente, a la ley núm. 51 de 1933.

En 59 C. J. 1038, sec. 616, se expone la siguiente doctrina:

"Se presume que todos los estatutos han sido aprobados por la Asamblea Legislativa con pleno conocimiento de las condiciones existentes de la ley y con referencia a ella. Deben interpretarse por consiguiente en relación y en armonía con la ley existente y como una parte de un sistema general y uniforme de jurisprudencia, y su significado y efecto debe determinarse en relación no sólo con la ley común y la constitución si que también con referencia a otros estatutos y a las decisiones de las cortes."

La Asamblea Legislativa de Puerto Rico al aprobar la ley núm. 155 de 1941 en términos casi idénticos a los de la ley de 1933, debe presumirse que lo hizo con pleno conocimiento de la interpretación que este tribunal había dado a la ley anterior.

Hay dos excepciones a la regla enunciada en el caso de *Santos,* supra. Una de ellas, el caso de Añasco y Rincón,

está allí claramente explicada y distinguida. La segunda es el caso de Río Piedras y Guaynabo que forman un solo distrito judicial municipal, pero Río Piedras pertenece al distrito judicial de San Juan y Guaynabo al de Bayamón, siendo por tanto la situación igual al caso de Añasco y Rincón. Véase *El Pueblo* v. *Rodríguez,* 48 D.P.R. 8.

Somos de opinión que la corte inferior actuó correctamente al aplicar el caso de *Santos* al de autos y al dictar sus órdenes de 25 de septiembre de 1941 disolviendo el jurado y nombrando nuevos comisionados, incluyendo uno por el municipio de Cidra por pertenecer éste al Distrito Judicial de Humacao, y que *procede por tanto anular el auto expedido y desestimar la petición en este caso.*